UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BILLY LUKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00107-SEB-DML |
| | ) | |
| SHERIFF Dearborn County Law Enforcement Center, | ) ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

In his petition for writ of habeas corpus, petitioner Billy Luke challenges his 2012 Dearborn County, Indiana conviction for public indecency. The respondent moved to dismiss the petition, arguing that it must be denied because Mr. Luke is not in custody pursuant to this conviction, the petition is time-barred, and Mr. Luke's claims are procedurally defaulted. Dkt. 9. Mr. Luke responds that he was denied a belated appeal in state court and therefore it should not matter that he is no longer in custody. Dkt. 10. The respondent did not reply and the time to do so has passed.

For the reasons explained in this Order, the respondent's motion to dismiss is **granted** and Mr. Luke's petition for a writ of habeas corpus is **dismissed for lack of jurisdiction**.

**I. Background**

Mr. Luke was convicted on July 25, 2012, and sentenced on August 3, 2012. Dkt. 9-1. Mr. Luke did not appeal. On August 10, 2017, he filed a petition for post-conviction relief in state court. He requested and received representation by the Indiana State Public Defender. He filed a pro se motion for a belated direct appeal, but the trial court denied the motion because Mr. Luke was represented by counsel. Dkt. 9-2, p. 5. The trial court denied Mr. Luke's petition for post-conviction relief on April 5, 2019. He did not appeal.

On May 13, 2019, Mr. Luke mailed the instant petition for a writ of habeas corpus seeking federal collateral review of his conviction. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

## III. Discussion

Mr. Luke does not dispute that he is no longer in custody for this conviction. "Federal courts have jurisdiction over a habeas petition only if the petitioner is 'in custody pursuant to the judgment of a State court.'" *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (citing 28 U.S.C. § 2254(a) and *Maleng v. Cook,* 490 U.S. 488, 490 (1989)). Although Mr. Luke is currently in custody, it is not pursuant to the judgment he is challenging in this petition. Therefore, this Court

lacks jurisdiction to decide the petition. *Id*. (citing *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 401(2001)).

For this reason, the respondent's motion to dismiss, dkt. [9], is **granted** and the petition is **dismissed for lack of jurisdiction**. Final judgment consistent with this Order shall now issue.

IT IS SO ORDERED.

Date: 9/25/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BILLY LUKE
206854
DEARBORN COUNTY LAW ENFORCEMENT CENTER
301 W. High St.
Lawrenceburg, IN 47025

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov